50 F.3d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Juanita D. CARTER, Attorney in Fact for Geneva Carter,
[1] Appellant,
v.
St. Louis Airport Officials; Tom KRETZSCHMAR; Donald W.
Bennett; John Beard; Frank Bleitz, Appellee.
 No. 94-2876.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 22, 1995.
Filed: Mar. 27, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Geneva Carter appeals the district court's denial of her motion for reconsideration of its order dismissing her action for lack of subject matter jurisdiction. We reverse.
 
 
 2
 Geneva Carter, through her daughter and attorney-in-fact, Juanita Carter, filed a complaint against the St. Louis Airport Authority and several of its officials; she alleged that the Carters incurred undue hardship and unnecessary expenses in searching for, and moving Geneva Carter into, a new residence after the Authority acquired her residential property. Carter stated that she proceeded "pursuant to" the Uniform Relocation Assistance and Land Acquisition Policies Act of 1970, codified at 42 U.S.C. Secs. 4601-4655, and alleged that defendants did not pay her relocation benefits as required by the Act. Carter also alleged that the Authority did not give her, and other "residents of the all Black Community of South Kinloch," the same equal treatment as they gave the residents of Bridgeton, Missouri. Over Carter's objections, the district court dismissed her action for lack of subject matter jurisdiction. The district court then denied Carter's motion for reconsideration. Carter appeals.
 
 
 3
 Carter's complaint alleged a violation of her equal protection rights and also alleged that she proceeded pursuant to a specific federal statute. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se complaints entitled to liberal construction). Accordingly, the district court had federal question jurisdiction pursuant to 28 U.S.C. Sec. 1331, and Carter's complaint should be reinstated so that her action may proceed.
 
 
 4
 We reverse and remand for reinstatement of Carter's complaint.
 
 
 
 [1]
 Geneva Carter is the plaintiff-appellant in this action, proceeding through her daughter, Juanita, who holds her power of attorney